### BELLE TEMPLE *v.* NELSON TEMPLE.

DIVORCE. *Publication. Resident defendant.* The Code, sec. 2456, which allows the petition of a woman for divorce to be heard without service of process or publication, if a subpœna was placed in the hands of the sheriff of the county in which the suit was instituted three months before the time when the subpœna is returnable, only applies when the defendant is a resident of the county in which' the suit is brought.

FROM CHESTER.

Appeal from the Chancery Court at Henderson. T. C. MUSE, Ch.

J. M. TROUT for complainant.

—— —— for defendant.

COOPER, J., delivered the opinion of the court.

Bill for divorce, alleging that the defendant is a non-resident of the State. On the hearing, the chancellor

was of opinion that he had no jurisdiction of the person of the defendant by service of process or publication, and so announced with leave to the complainant to make publication. The complainant refused to take any further step to bring the defendant before the court, insisting that he was already in court. The bill was thereupon dismissed and complainant appealed.

A subpœna to answer had been issued for the defendant upon which the officer returned that he had not found the defendant, after having had the process in his hands for three months. The complainant proceeded under the Code, sec. 2456, which is as follows: "If a woman sue for a divorce, her bill or petition may be heard and a divorce granted without service of the subpœna or publication, if her bill was filed and subpœna for the defendant was placed in the hands of the sheriff of the county in which the suit is instituted three months before the time when the subpœna is returnable; but the officer having the subpœna shall execute it if he can."

The chancellor was of opinion that the statute applied only to cases where the defendant is a resident of the county in which the suit is instituted. This construction is sustained by the language of the last clause of the section which requires the officer to execute the subpœna if he can, fairly implying that the provision was intended to apply when service was possible. By the general law non-residents are made parties in equity by publication: Code, sec. 4352, *et seq.* And by the Code, sec. 2454, it is provided that where a divorce is sought because the defendant is a

convict in the penitentiary, the bill may be taken for confessed upon publication, "as if he were a non-resident," which assumes that non-resident defendants are made parties by publication. We cannot, under these circumstances, infer a legislative intent to depart from the usual course of proceeding as to non-residents without more positive language to that effect.

The decree of the chancellor must therefore be affirmed with costs, but without prejudice to the complainant's right to bring another suit.